UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>AGM MARINE CONTRACTORS, INC., )<br>)<br>Respondent. )<br>) | CA No. 04-11382-EFH |

## RESPONDENT AGM MARINE CONTRACTORS, INC.'S ANSWER & JURY CLAIM

1. The allegations of this paragraph state conclusions of law to which no response by AGM Marine Contractors, Inc. ("AGM") is required. To the extent that a response from AGM is required, AGM lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

2. AGM lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

3. Admits.

4. Admits that Respondent entered into a contract for marine insurance for the period January 1, 2003 to January 1, 2004; said policy speaks for itself. Except as aforesaid, the allegations contained in this paragraph are denied and AGM therefore calls upon Plaintiff to prove same.

#492365 v1

5. The allegations of this paragraph state conclusions of law to which no response by AGM is required. To the extent that a response from AGM is required, AGM admits that it has made a claim for coverage against said policy. Except as aforesaid, the allegations contained in this paragraph are denied and AGM therefore calls upon Plaintiff to prove same.

6. The allegations of this paragraph state conclusions of law to which no response by AGM is required. To the extent that a response from AGM is required, AGM lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

7. Admits only that on or about December 9, 2003, Respondent was notified by representatives of the Town of Provincetown (the "Town") of damage to the concrete floats which were neither designed nor manufactured by Respondent. Respondent denies that the Town alleged at that date that such damage was the responsibility of Respondent as no investigation had yet to be conducted. Except as aforesaid, the allegations contained in this paragraph are denied and AGM therefore calls upon Plaintiff to prove same.

8. Respondent admits that it notified Petitioner through its broker promptly after the Town concluded an investigation and informed Respondent that the Town alleged Respondent may have been responsible for the damages. Except as aforesaid, the allegations contained in this paragraph are denied and AGM therefore calls upon Plaintiff to prove same.

9.  Admits that Respondent has made a claim for defense and indemnification under the policy for damages asserted by the Town including, *inter alia*, the costs to repair damage caused to the concrete floats and/or replacement of same.

10. Admits that the Petitioner has refused and failed to indemnify and defend Respondent with regard to the claims asserted by the Town. Except as aforesaid, the remaining allegations contained in this paragraph, including those that state conclusions of law or characterize the policy, are denied and AGM therefore calls upon Plaintiff to prove same.

11. Admits that Petitioner sent a letter to Respondent on or about April 25, 2004, denying coverage without even considering the completed operations coverage purchased by Respondent for an additional premium.

12. Respondent admits that Petitioner contends that coverage is excluded and that it has cited theories and policy interpretations listed in Paragraph 12(a) – (g) in support thereof. Except as aforesaid, the remaining allegations contained in this paragraph, including those that state conclusions of law or characterize the policy, are denied and AGM therefore calls upon Plaintiff to prove same.

Wherefore AGM, having fully responded to the Complaint, requests that the Court direct a finding in its favor that coverage exists and that it be awarded costs and

attorneys' fees herein and such other relief, legal or equitable, that this Court deems suitable and proper.

**AGM MARINE CONTRACTORS, INC.**
*By its attorneys,*

_____
Charles E. Schaub, Jr., BBO# 444920
Eric F. Eisenberg, BBO#544682
Jeremy Blackowicz, BBO#650945
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
(617) 345-9000

DATED: July 23, 2004

RESPONDENT CLAIMS A TRIAL BY JURY ON ANY MATTER SO TRIABLE

### CERTIFICATE OF SERVICE

I, Charles E. Schaub, hereby certify that I have caused a copy of the foregoing document to be served, via First Class Mail, upon Robert J. Murphy, Esq., Holbrook & Murphy, 150 Federal Street, 12th Floor, Boston, MA 02110, on this 23 day of July, 2004.

_____

#492365 v1