IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23  A 6:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) AGM MARINE CONTRACTORS, INC., ) ) Defendant. ) ) | CIVIL ACTION NO. 04-11382-EFH |

## JOINT STATEMENT OF THE PARTIES

Pursuant to Local Rule 16.1 and the Court's Notice of Scheduling Conference, Plaintiff American Home Assurance Company ("Home") and Defendant AGM Marine Contractors, Inc. ("AGM") hereby submit this joint statement as follows:

### I. INTRODUCTION

The parties maintain that an early resolution of the insurance coverage issue involved in this case will assist in streamlining issues for trial and will prevent the expenditure of the parties' and the Court's time and resources on potentially unnecessary discovery. Therefore, the parties propose that the discovery plan in this action be conducted in one phase, which shall occur, if necessary, only after the Court decides a motion or motions for full or partial summary judgment regarding interpretation of the Policy. If the Court grants full or partial summary judgment consistent with Home's or AGM's interpretation of the policy, it may well be unnecessary for the parties to incur the substantial costs associated with discovery on the issue of causation and that the parties may be able to agree as to damages.

#499857 v.2

1

## II.   DISCOVERY PLAN

1.   The parties agree that the scope of discovery in this matter shall conform to the requirements of Fed. R. Civ. P. 26(b).

2.   The parties agree that discovery shall be conducted in one phase, if necessary, only after the complete initial disclosures contemplated by Fed. R. Civ. R. 26(a)(1), as modified and agreed herein, and only after this Court hears and decides a motion or motions for full or partial summary judgment on issues of insurance policy construction and coverage. If the case does not terminate after the Court decides such full or partial summary judgment issues, discovery shall be directed at information needed to prepare for trial and to resolve any outstanding questions of fact.

3.   From the date of the initial scheduling conference, the parties shall exchange Initial Disclosures, which shall be served within thirty (30) days from the date of the initial scheduling conference. Respondent contends that Petitioner's Initial Disclosures ought to include, but shall not be limited to, the following non-privileged documents:

- Any and all correspondence, letters, or reports prepared by Home that are not protected by any privilege, that relate to the Complaint, the Claims, and/or the Policy;

- All letters, memoranda, or other forms of written communications, including, without limitation, records relating to oral communications, to or from Home or between Home and any other entity or person, relating in any way to the processing or denial of the Claim;

- All claims manuals, memoranda, directives, letters, or other forms of written communication directed to claims personnel, claims managers, claims

supervisors, or any other person acting on behalf of Home which relate in any way to the handing of claims generally, or to the handing of claims of like character to the claims at issue in this action;

- Any and all policies or manuals describing how Home insurance policies are to be interpreted;

- Documents reflecting any differences between the subject policy and any commercial marine liability policies subsequently issued by Home;

- All reports, correspondence or other documents issued, authored, received or commissioned by Home or persons or entities hired by Home that reference, refer to, evidence or relate to any investigation, review or analysis of the Claims;

- All documents relied on by Home in denying coverage for the Claims.

Petitioner reserves the right to object to the production of such documents and to oppose a motion to compel same.

4. If the case does not otherwise terminate, Discovery shall commence on the date that the Court rules on all outstanding full or partial motions for summary judgment and last for ninety (90) days, during which each party:

- May notice and conduct depositions of no more than six (6) fact witnesses, not including the parties' respective depositions of Keepers of Records. Each deposition of a fact witness shall not exceed one (1) day without good cause shown;

- Requests for Production of Documents shall be served within thirty (30) days of the commencement of Discovery, and the parties shall have thirty (30) days to respond; and

- Interrogatories, limited to twenty-five (25), shall be served within thirty (30) days of the close of discovery, and the parties shall have thirty (30) days to respond; and

- Petitioner's expert disclosures and reports on or before forty-five (45) days after the close of discovery; and

- Respondent's expert disclosures and reports on or before seventy-five (75) days after the close of discovery; and

- Petitioner's reply designations, if any, on or before ninety (90) days after the close of discovery; and

- May notice expert depositions so as to be completed within one hundred and twenty (120) days after the close of discovery.

5. The parties may notice additional discovery pursuant to the applicable Rules until the close of discovery, subject to the limits set forth above, but shall attempt to reduce repetitive discovery requests by informal cooperation.

6. The parties shall exchange pretrial disclosures within thirty (30) days after the Court renders its decision(s) on any outstanding dispositive motion(s), or if neither party submits any dispositive motions, within one hundred and seventy-five (175) days following the close of discovery.

7. The parties agree to the deadlines and/or discovery limitations set forth herein. In the event that there is a need for good cause shown to alter or amend these deadlines and/or discovery limitations, the parties shall attempt in good faith to resolve the issue informally before seeking relief from the Court. If the parties are unable to resolve discovery issues informally, they reserve their rights to file the appropriate pleading with the Court seeking relief.

8. The failure of the parties to identify a particular form or method of discovery herein does not preclude the use of such reasonable discovery, for example, Requests for Admissions.

### III. MOTIONS SCHEDULE

1. The parties shall file with the Court all motions pursuant to Fed. R. Civ. P. 12 and Fed. R. Civ. P. 14 on or before thirty (30) days from the date of the initial scheduling conference and all motions for full or partial summary judgment on coverage issues on or before ninety (90) days from the date of the initial scheduling conference.

2. All dispositive motions must be filed with the Court on or before one hundred and forty-five (145) days after the close of discovery.

### IV. ADDITIONAL MATTERS

Pursuant to the Court's Notice of Scheduling Conference, the parties have discussed the possibility of mediation, as well as trial by magistrate judge. Although the parties have not reached agreement on either subject, they will continue to confer regarding the same.

Respectfully submitted,

| AMERICAN HOME ASSURANCE COMPANY | AGM MARINE CONTRACTORS, INC. |
|---|---|
| By its attorneys, | By its attorneys, |
| Robert J. Murphy (BBO #557659)<br>Holbrook & Murphy<br>150 Federal Street<br>12th Floor<br>Boston, MA 02110<br>(617) 428-1151 | Eric F. Eisenberg (BBO #544682)<br>Jeremy Blackowicz (BBO #650945)<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109-1775<br>(617) 345-9000 |

DATED: September 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23 A 6:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>AGM MARINE CONTRACTORS, INC., )<br><br>Defendant. ) | CIVIL ACTION NO. 04-11382-EFH |

## CERTIFICATION

The undersigned hereby certifies that, pursuant to Local Rule 16.1(D)(3), AGM Marine Contractors, Inc. and its undersigned counsel have conferred with a view to establishing a budget for the costs of conducting the full course, as well as various alternative courses, of this litigation. In addition, AGM Marine Contractors, Inc. has conferred with its undersigned counsel to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 – mini-trial; summary jury trial; and mediation.

_____
Authorized Representative of
AGM Marine Contractors, Inc.

DATED: September 22, 2004.

_____
Eric F. Eisenberg, Esq. (BBO #544682)
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109
(617)345-9000

#501136