UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************)
AMERICAN HOME ASSURANCE        )
COMPANY,                        )
        Petitioner,        )
                          )
                          )   CIVIL ACTION
v.                              )   NO.: 04-11382-EFH
                          )
AGM MARINE CONTRACTORS, INC.    )
        Respondent.        )
*******************************************

## CONCISE STATEMENT OF THE MATERIAL FACTS OF RECORD AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

NOW COMES the Petitioner, American Home Assurance Company (hereinafter "American Home"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, pursuant to the Local Rules of the District of Massachusetts, and respectfully files its Statement of Disputed Material Facts. American Home notes that the parties Cross Motions are being filed without the benefit of any discovery aside from the automatic exchange of documents.

The following disputed facts do not defeat American Home's Motion for Summary Judgment. However, American Home respectfully asserts that AGM Marine Contractors, Inc.'s (hereinafter AGM) Motion for Partial Summary Judgment should be denied based on controlling law and the following material facts of record, as to which there exists a genuine issue to be tried.

1.     American Home contests that the Docks were manufactured by a subcontractor. American Home alleges that Southeast Floating Docks, Inc. is a materialman and not a subcontractor. "Whether a person is…a subcontractor is a factual, specific issue…." East Coast

Plumbing and Heating, Inc., v. Herbaugh, 2004 WL 2075465 (Mass. Super. 2004); Chase v. Independent Practice Association, Inc., 31 Mass. App. Ct. 661, 665 (1991).

2.  American Home contests that damage to the docks was caused by a winter storm. It is undisputed that the docks were designed to withstand weather far worse than encountered. As such, damage to the docks was caused by faulty workmanship, not the winter storm. Survey Report of Wiggin Marine as Exhibit 2; Town of Provincetown's Memorandum as Exhibit 3; Correspondence of December 9, 2003 as Exhibit 7; Correspondence of March 10, 2004 as Exhibit 9; Arbitration Demand of AGM as Exhibit 11).

3.  American Home contests AGM's unsupported allegations that its costs to perform "emergency response" and "salvage work" totaled in excess of $250,000. AGM has the burden of proof regarding the necessity and costs of any such work, and such allegations are not appropriate for summary adjudication. This is especially true in light of the pre-discovery status of the parties cross-motions.

4.  American Home contests that damage to the docks has hindered the Town's ability to operate the marina and secure income from its operation. AGM has the burden of proof regarding these issues and as such, they are inappropriate for summary adjudication. This is especially true considering the pre-discovery status of the parties cross-motions and the paucity of specific facts supporting AGM's allegations.

5.  American Home contests that the Town seeks indemnification from AGM. It is undisputed that the Town and AGM have settled their claims, based on AGM repairing the damage to the floats and without AGM agreeing to indemnify the Town. (Town of Providence's Memorandum as Exhibit 6; Correspondence of Attorney Eisenberg as Exhibit 10).

6. American Home contests that the Policy's grant of coverage is broad. Indeed, the Insuring Agreement language indicates limited coverage. (Commercial Marine Liability Policy, as Exhibit 1).

7. American Home contests that the docks posed a hazard for which American Home would be liable. As argued in American Home's legal memorandum, American Home is not liable for damages to the docks themselves. Additionally, there is no evidence that the damaged docks presented a danger to third parties or a hazard to navigation. AGM has the burden of proof on these issues and summary adjudication is inappropriate especially considering that the parties motions are being filed prior to any discovery. Also, see Report of Wiggins Marine as Exhibit 2, indicating that no vessels were moored at the docks at the time of the incident.

8. American Home contests that labor, materials and services are defined exclusively under the Policy's "Assured's Work" provision. See, i.e. the policy's "Assured's Product" exclusion.

9. American Home contests that the policy provides coverage for damage to the "Assured's work" if such damages are included in the products-completed operations hazard or if the Assured's Work was performed on the Assured's behalf by a subcontractor. These issues are briefed extensively in American Home's Legal Memorandum filed herewith.

10. American Home contests that its denial of coverage failed to discuss application of the products-completed operations hazard coverage. See, Correspondence of Counsel dated June 18, 2004, attached hereto.

Respectfully submitted,

AMERICAN HOME ASSURANCE COMPANY
By its attorneys,

/s/ Robert J. Murphy

Robert J. Murphy, BBO # 557659
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA  02110
617.428.1151

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 6-3-05

/s/ Robert J. Murphy

4

# HOLBROOK & MURPHY
ATTORNEYS AT LAW
PROCTORS IN ADMIRALTY

150 FEDERAL STREET
12TH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 428-1151
FACSIMILE: (617) 443-1696

E-MAIL: holbrook_murphy@msn.com

**BY FACSIMILE AND MAIL**

June 18, 2004

Mr. Eric F. Eisenberg
Hinckley, Allen Snyder LLP
28 State Street
Boston, MA 02109

    Re:    **Commercial Marine Liability Policy B 2291**
            **MacMillan Pier**
            **Provincetown, Massachusetts**
            **Date of Loss: On or about December 8, 2003**
            **Our Reference No. 0048826**

Dear Attorney Eisenberg:

    This letter is sent in response to your letter of May 21, 2004, purporting to satisfy the prerequisites of M.G.L. c. 93A. Please be advised that we do not believe your correspondence satisfies the statute's jurisdictional requirements and this response shall not be construed as an acceptance of same or as a waiver of any defense.

    After careful review of your correspondence, American Home Assurance Company denies any liability under M.G.L. c. 93A. American Home has not acted unfairly or deceptively and will not incur any liability under c. 93A to your client. Accordingly, we also must respectfully deny your demand for coverage under the policy for the above captioned loss.

    American Home's position was set forth in detail in its previous correspondence and will not be reiterated at length here. In summary, you cite the "Products-Completed Operations Hazard Coverage as the sole policy provision in support of coverage. The provision provides in pertinent part:

    "Products completed operations hazard":

    a.    includes all "bodily injury" and "property damage" occurring away from premises the Assured owns or rents and arising out of "the Assured's product" or "the Assured's work." ...

As such, the provision generally provides coverage for claims arising after a certain project is completed but which occurs during the policy's term. Of course, the Products-Completed Operations Hazard Coverage is subject to the policy's other exclusions. In this regard we again draw your attention to exclusions "j" and "k" which provide:

2. **EXCLUSIONS**

   This insurance does not apply to:

   j. **Damage to The Assured's Product**

   "Property damage" to "the Assured's product" arising out of it or any part of it.

   k. **Damage to the Assured's Work**

   "property damage" to "the Assured's work" arising out of it or any part of it and included in the "products-completed operations hazard".

As set forth at length in our previous correspondence, the Town's claim is limited to property damage sustained to the floating dock system itself and not for any injury to third parties. The floating dock system is undoubtedly included within the definition of "the Assured's work" or "the Assured's product" and as such, there is no coverage for this claim under the policy.

In order to expedite resolution of this matter, we have filed an action for Declaratory Judgment in the United States District Court for the District of Massachusetts. We enclose a courtesy copy of the Petition for your review.

If you have any questions regarding the foregoing, or if there is any additional information you wish to bring to our attention, please do not hesitate to advise.

Very truly yours,

*Bob Murphy*
Robert J. Murphy

RJM/cm

2